HARRIET MATHEWSON *vs.* WILLIAM B. THOMPSON.

The "notice in writing" to terminate lettings required by Gen. Stat. R. I. cap. 221, is an
original notice, not a copy of the notice. Hence when it appeared that the only notice
received by the defendant was such a copy:
*Held,* that no notice had been given.

EXCEPTIONS to a Special Court of Common Pleas.

*February* 22, 1879. PER CURIAM. This is an action to re-
cover possession of a tenement let to the defendant as tenant
from month to month. The only service of notice to quit was
by leaving a copy of the notice with some person at the last and
usual place of abode of the defendant. The court below ruled
that the service was sufficient. The question brought up by the
bill of exceptions is whether the ruling was correct. We think it
was erroneous. The statute prescribes "notice in writing from
the lessor or owner," to terminate the tenancy. The defendant
does not appear to have had anything but a *copy* of such a no-
tice. The service was an unofficial act, and therefore the de-
fendant was under no obligation to accept the copy as authentic,
the attestation being null. And the service cannot be legiti-
mated on the ground of agency. *Brahn* v. *Jersey City Forge
Co.* 38 N. J. Law, 74; *Pickard* v. *Perley,* 45 N. H. 188. The
exceptions will therefore be sustained and a new trial granted.

*Exceptions sustained.*

*William A. Champlain,* for plaintiff.
*B. N. & S. S Lapham,* for defendant.